United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30136
Summary Calendar

_____

BARTHOLOMESS ROBICHAUX,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1945
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bartholomess Robichaux, Louisiana prisoner # 91571, requests a Certificate of Appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Robichaux argues that his 28 U.S.C. § 2254 petition was timely because he timely mailed his writ application to the Louisiana Supreme Court while incarcerated at Orleans Parish Prison in March 2001.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, Robichaux must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). When, as here, a district court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Robichaux has shown that reasonable jurists would debate whether the district court's procedural ruling was correct and has also shown that his petition states a claim for the denial of a constitutional right. See id. Accordingly, a COA is hereby GRANTED.

Rule X § 5(a) of the Louisiana Supreme Court Rules provides that a petition for review of a decision of a court of appeal must be filed within 30 days of the mailing of the notice of the original judgment of the court of appeal. Rule X § 5(d) provides that an application for a writ is deemed timely if mailed before the filing deadline. Thus the very language of the rule itself defines filing as timely mailing, and no resort to a mailbox rule is required. Documents submitted by Robichaux on appeal as well as filings of record and the subsequent treatment of his writ on direct appeal in the state courts indicate that his writ

application was timely filed.  See <u>Grillette v. Warden</u>, 372 F.3d 765, 775 (5th Cir. 2004); <u>State v. Sosa</u>, 888 So. 2d 192 (La. 2004).

The district court's judgment denying Robichaux's 28 U.S.C. § 2254 petition as time-barred is hereby VACATED, and this case is REMANDED to the district court for consideration of the constitutional claims set forth in Robichaux's 28 U.S.C. § 2254 petition.

GRANT COA; VACATE and REMAND.